**WYER v KING et**

Ohio Appeals, 3rd Dist, Hancock Co.

No. 421. Decided July 9, 1940.

Marcus C. Downing, Findlay, for Viola Wyer.

A. G. & R. E. Fuller, Findlay, for Theodore Wyer and Marjorie Wyer.

Fred R. Hover, Findlay; Betts & Betts, Findlay, for Mabel Wyer King, Marcella Smith and Norman King.

## OPINION

### By GUERNSEY, J.

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hancock County, in an action in partition pending therein, being a consolidation made pursuant to order of said court of causes numbers 25706 and 25886 in said court.

All the real estate involved in the action constitutes portions of the estate of J. N. Wyer, deceased, who died testate and whose will was duly probated in the Probate Court of Hancock County.

In the first item of his will the testator J. N. Wyer expressed a desire that all his just debts and funeral expenses be paid soon as can be done conveniently after his death. In the second item he gave, devised and bequeathed to his wife Viola Wyer his house and lot and all furniture therein and everything belonging to said house and lot in Newson, Ohio, to her absolutely and in fee simple, and also gave her the sum of $2000 in money. In the third item he gave to his daughter Mabel Wyer King, 82 acres of land known as the William Reece farm, and to her daughter Marcella Smith and Norman King, her son—this to go to Mabel King and her two children above named. In the fourth item of his will he provided "The balance of my estate shall go to Theodore Wyer and Marjorie Wyer."

The wife, Viola Wyer, one of the appellees herein, elected not to take under the will, which had the legal effect of adding to the residuary estate the property devised and bequeathed to her in the second item of the will.

The third item of the will constituted a devise of specific real estate to Mabel Wyer King, Marcella King Smith and Norman King who are appellees herein. The fourth item of the will constituted a devise and bequest of the residue of testator's estate which among other property originally comprehended a tract of land containing 191 acres, but which upon the election of the widow not to take under the will, by operation of law, also comprehended the real estate devised to Viola Wyer

the widow, in item second of the will. Theodore Wyer and Marjorie Wyer, appellants herein, are the residuary devisees and legatees under this item.

The appellee, Viola Wyer, widow of testator, who elected not to take under the will, filed an action in partition in the Common Pleas Court of Hancock County, Ohio, being cause number 25706 in said court, against the appellees Mabel Wyer King, Marcella King Smith and Norman King, and the appellants Theodore Wyer and Marjorie Wyer and others, to partition the three parcels of real estate coming under the provisions of Items 2, 3 and 4 of the will.

An order was thereafter made in cause number 25706, upon motion of Theodore Wyer and Marjorie Wyer, requiring Viola Wyer the plaintiff in said action to proceed in a separate action in partition against Mabel Wyer King, Marcella King Smith and Norman King, as to tract number 2 described in the petition, being the tract specifically devised to Mabel Wyer King, Marcella King Smith and Norman King, and dismissing the said Mabel Wyer King, Marcella King Smith and Norman King as parties defendant in cause number 25706, which originally involved all three tracts of real estate devised. This order was complied with by the plaintiff instituting a separate action in said court, being cause number 25886 in said court, against Mabel Wyer King, Marcella King Smith and Norman King for the partition of tract number 2.

The order made in cause number 25,-706 above mentioned was merely an interlocutory order which was subject to modification by the court at any time either by order permitting the dismissed defendants to again become parties to said action, or by order of consolidation of said action with the action in partition commenced by Viola Wyer against the dismissed defendants and designated as cause number 25886; or otherwise.

Cause number 25706 was thereafter and subsequent to the sale, confirmation of the sale and distribution of the proceeds of sale of tract number 3, on motion of the defendants in cause number 25886, consolidated with said cause number 25886. Thereafter, a judgment was entered in the consolidated case confirming the sale of parcels numbers 1 and 2 of the real estate mentioned, and distributing the proceeds thereof. It is from this judgment that this appeal is taken.

The right of the specific devisees under the will, to exoneration as against the residuary devisees, by reason of the specific devises being cut down through the election of the widow to take under the law and not under the will, is an equitable right constituting an equitable lien on the real estate comprehended in the residuary devise which the specific devisees were entitled in equity to have enforced against the real estate covered by the residuary devise. Such part of such claim as was not satisfied out of the real estate coming within the purview of the residuary clause by reason of the failure of the widow to take under the will, was subject to satisfaction out of the real estate coming under the residuary clause originally. The proceeds of the Rawson property, designated in cause number 25706 as tract number 3, coming within the residuary clause by reason of the failure of the widow to take under the will, were distributed without making provision for the payment of any part of the lien of the specific devisees thereon for exoneration. As Mabel Wyer King, Marcella King Smith and Norman King, the specific devisees had been dismissed as parties to that action in which said tract was partitioned, and were at the time of such order of distribution not parties to the action, this distribution did not preclude them from proceeding against said real estate in the hands of the purchasers thereof or against the proceeds thereof in the hands of distributees for enforcement of their lien for exoneration thereon; and in the event that their said lien was not fully satisfied out of the proceeds of said real estate, from proceeding against the tract designated as tract number 1 in cause number 25706,

coming originally within said residuary clause for full satisfaction thereof.

The order of consolidation of the two actions in partition was properly made for the reason that the specific devisees, upon whose motions consolidation was made, had rights to exoneration in all the real estate which constituted the subject matter of the two actions, and the amount to be received by them out of the proceeds of the real estate involved in either action was dependent on the amount they should receive out of the proceeds of the real estate involved in the other action.

The filing of the general demurrer by Theodore Wyer and Marjorie Wyer to the answer and cross-petition of Mabel Wyer King, Marcella Smith King and Norman King in the consolidated action constituted a waiver of service of summons and an entry of appearance by Theodore Wyer and Marjorie Wyer to the cross-petition. All the issues raised by the cross-petition were equitable and consequently were for the determination of the court without the intervention of a jury.

While the order appealed from in form directed the defendants Theodore Wyer and Marjorie Wyer as distributees of the proceeds of tract number 3, to pay to the sheriff out of the amount now held by them from the sale to plaintiff of the property situated in the village of Rawson, as and for compensation to the defendants Mabel Wyer King, Marcella King Smith and Norman King the sum of $735, the effect of the order was to appropriate said sum out of the proceeds of tract number 1 described in the petition in cause number 25706 purchased by Theodore Wyer and Marjorie Wyer for the sum of $13500 for the exoneration of Mabel King Wyer, Marcella King Smith and Norman King this sum which with the sum of $1194.52 directed to be paid for such purpose in another clause of said order constituted the full amount of exoneration due them, which as above stated, they were entitled to have paid them out of the proceeds of tract num-

ber 1 in case they did not receive full satisfaction thereof out of the proceeds of tract number 3.

As we find no error in any of the respects assigned and argued in the briefs of appellants, the judgment of the Common Pleas Court will be affirmed at costs of appellants.

CROW, PJ. & KLINGER, J., concur.